## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **JERRY MORRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-11-S-1106-NW** |
| | ) | |
| **TOWN OF LEXINGTON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jerry Morris, accuses six municipal law enforcement officers of violating his federal- and state-law rights while investigating a 911 telephone call.[1] During the course of the investigation, plaintiff was arrested for punching an officer who refused to leave his home.[2] As a result of the incident, plaintiff was indicted by a state-court grand jury on two counts of assault in the second degree and one count of resisting arrest, but was subsequently acquitted in a criminal trial.[3]

Plaintiff asserts claims under the United States Constitution through the remedial vehicle of 42 U.S.C. § 1983 for unlawful entry, illegal seizure, unlawful search, malicious prosecution, and excessive force.[4] In addition, plaintiff asserts

---

[1] *See* doc. no. 44 (Second Amended Complaint).

[2] *Id.* ¶¶ 28-29, 36.

[3] *Id.* ¶¶ 47-48.

[4] *Id.* ¶¶ 51-68.

supplemental state-law claims for false arrest/false imprisonment, assault and battery/excessive force, trespass (entry), trespass (search), negligence, wantonness, and malicious prosecution.[5]  *See* 28 U.S.C. § 1367.  Plaintiff seeks relief against the individual officers and their municipal employers.[6]

Four of the six individual defendants and both of the municipal defendants, including Town of Anderson Police Chief Mark Bowers and Town of Lexington Police Officer Lee Bradford, moved to dismiss plaintiff's second amended complaint.[7]  In an order entered on January 4, 2013, this court granted the motions in part, and denied the motions in part.[8]  Chief Bowers and Officer Bradford have each appealed the denial of their motions to dismiss on the basis of qualified immunity.[9]

This action is before the court on motions by Anderson Police Chief Bowers and Lexington Police Officer Bradford to stay all proceedings in this action pending the disposition of their interlocutory appeals by the Eleventh Circuit.[10]  Upon

---

[5] *Id.* ¶¶ 69-89.

[6] *Id.* ¶¶ 51-89.

[7] *See* doc. no. 48 (Motion to Dismiss by Mark Bowers); doc. no. 50 (Motion to Dismiss by Town of Anderson); doc. no. 56 (Motion to Dismiss by Patrick Davis and James Distefano); doc. no. 81 (Motion to Dismiss by Lee Bradford); doc. no. 89 (Motion to Dismiss by Town of Lexington).

[8] *See* doc. no. 94 (Memorandum Opinion and Order).

[9] *See* doc. no. 103 (Notice of Interlocutory Appeal by Mark Bowers); doc. no. 107 (Notice of Interlocutory Appeal by Lee Bradford).

[10] *See* doc. no. 104 (Motion to Stay by Mark Bowers); doc. no. 111 (Motion to Stay by Lee Bradford).

consideration, this court will grant the motions.

## I. DISCUSSION

Title 28, United States Code, Section § 1291 provides that:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title [28 USCS §§ 1292(c) and (d) and 1295].

28 U.S.C. § 1291 (alteration in original) (emphasis supplied). An order denying a motion to dismiss that was based upon the doctrine of qualified immunity is immediately appealable under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Upon receiving notice of such an appeal, the trial court should stay proceedings, unless the appeal is frivolous or has been forfeited. *See, e.g., Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004); *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). The Seventh Circuit held that:

> The justification for the interlocutory appeal [from an order denying qualified immunity] is that the trial destroys rights created by the immunity . . . . It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one . . . . It follows that a proper...appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial.

*Apostol*, 870 F.2d at 1338 (alteration supplied); *see also Langley v. Adams County*, 987 F.2d 1473, 1477 (10th Cir. 1993); *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992); *Yates v. City of Cleveland*, 941 F.2d 444, 448-49 (6th Cir. 1991).

Although the *Apostol* court did not provide a list of circumstances that render an appeal improper, it noted that an appeal may be frivolous if "the district judge has not finally resolved the question of immunity," or if "the disposition is so plainly correct that nothing can be said on the other side." *Id.* at 1339. Further, an appeal may be forfeited if the appellants "wait too long after the denial of [qualified immunity], or if they use claims of immunity in a manipulative fashion." *Id.* (alteration supplied). The Eleventh Circuit has approvingly cited the *Apostol* decision as authority for the proposition that:

> The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L.Ed. 2d 411 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); *Elliot v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985) ("[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford."). A district court, therefore, properly stays discovery pending appeal of a denial of immunity. *See Goshtasby* [*v. University of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997)]; *Apostol*, 870 F.2d at 1339; *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *Summit Medical Assoc., P.C. v. James*,

4

> 998 F. Supp. 1339, 1342-43 (M.D. Ala. 1998).  Then, "[e]ither the court
> of appeals or the district court may declare that the appeal is frivolous,
> and if it is the District Court may carry on with the case.  Otherwise,
> preparation for trial must be suspended until the court of appeals renders
> a decision."  *Bradford v. Scott Data Corp.*, 128 F.3d at 506.

*Blinco*, 366 F.3d at 1252 (emphasis in original) (alteration to *Goshtasby* citation supplied) (all other alterations in original).  Although the *Blinco* opinion did not define the term "frivolous," a district court noted that an appeal from a denial of qualified immunity may be frivolous "where the claim of immunity is a sham and asserted solely for the purpose of delay."  *Summit Medical Associates, P.C. v. James*, 998 F. Supp. 1339, 1342 (M.D. Ala. 1998).

Here, plaintiff argues that defendants' appeals "are frivolous because they do not accept the allegations in the complaint and ignore clearly-established law."[11]  In denying their motions to dismiss, this court necessarily rejected the arguments by Anderson Police Chief Mark Bowers and Lexington Police Officer Lee Bradford in favor of qualified immunity.  However, the fact that this court held defendants' arguments to be *wrong* does not necessarily indicate that the arguments are *frivolous*. *See generally Oxford Asset Management v. Jaharis,* 297 F.3d 1182, 1195 (11th Cir.

---

[11] Doc. no. 110 (Response to Motion to Stay by Mark Bowers), at 1.  Although plaintiff has not had a chance to respond to the motion to stay filed by Lexington Police Officer Lee Bradford, that motion is a request to join in the motion to stay filed by Anderson Police Chief Mark Bowers, and to adopt and incorporate by reference the "grounds, authorities, argument and all other matters contained or referenced in defendant Bowers' [sic] motion." *Id.* at 111.  Accordingly, this court will treat plaintiff's response to Bowers's motion as a response to both motions.

2002) (holding that an "argument, though ultimately rejected, was not frivolous");

*Castro v. Melchor*, 760 F. Supp. 2d 970, 1002 (D. Haw. 2011) (holding that "[t]his Court stands by its ruling...that Defendant Bauman is not entitled to qualified immunity. . . . This Court, however, cannot find that Defendant Bauman's claim of qualified immunity is frivolous.") (alteration supplied).

As in *Castro*, this court stands by its decision on the qualified immunity question.  However, this court cannot conclude that the disposition of that question "is so plainly correct that *nothing* can be said on the other side."  *Apostol*, 870 F.2d at 1339 (emphasis supplied).  Stated differently, there is no evidence that "the claim of immunity is a sham and asserted solely for the purpose of delay."  *Summit*, 998 F. Supp. at 1342.  Accordingly, the court will stay these proceedings for the pendency of defendants' interlocutory appeals.

## II. CONCLUSION

For the reasons explained above, the motions by Town of Anderson Police Chief Mark Bowers and Town of Lexington Police Officer Lee Bradford to stay all proceedings in this action pending the disposition of their interlocutory appeals by the Eleventh Circuit are GRANTED.  All proceedings are STAYED until further order of the court.

DONE and ORDERED this 13th day of February, 2013.

6

_____
United States District Judge

7